UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ARMANDO CADENA SANTILLANA, an individual,<br><br>     Defendant. | NO.    2:20-cv-00349<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, CONVERSION, AND CONSTRUCTIVE TRUST**<br><br><br>**<u>JURY DEMAND</u>** |

For its Complaint, Expeditors International of Washington, Inc. alleges as follows:

## I.    PARTIES

1.    Plaintiff Expeditors International of Washington, Inc. ("Expeditors") is a Washington corporation, with its principal place of business in Seattle, Washington.

2.    Defendant Armando Cadena Santillana ("Cadena") is a resident of Mexico.

## II.    JURISDICTION AND VENUE

3.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

COMPLAINT - 1

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

4.      This Court has personal jurisdiction over Cadena consistent with RCW 4.28.185 because he has transacted business in Washington, including seeking to enforce purported contractual rights vis-à-vis Expeditors and the hiring of counsel.

5.      Venue is proper in this district in accordance with 28 U.S.C. § 1391(b).

### III.    FACT ALLEGATIONS

6.      Expeditors is a global logistics and freight-forwarding company headquartered in Seattle, Washington.

7.      Cadena was previously employed in the accounting department of Expeditors' wholly owned subsidiary, Expeditors International de Mexico S.A. de C.V. ("Expeditors Mexico").

8.      Due to the commercial relationship between Expeditors and Expeditors Mexico, during the course of his employment with Expeditors Mexico, Cadena received certain stock option grants, which provided options for the purchase of the common stock of Expeditors subject to the terms of the relevant Expeditors Stock Plan.

9.      On November 4, 2019, as a result of an audit review, Expeditors Mexico discovered that Cadena, in concert with at least three other Expeditors Mexico employees, was and had been engaged in material financial misconduct over the course of several years. In short, Cadena and his co-conspirators fraudulently invoiced higher amounts for services rendered to Expeditors Mexico and then transferred the overprice to accounts for which the co-conspirators and/or their family members were personal beneficiaries. Cadena manipulated the amounts of the invoices paid by Expeditors Mexico by adding an overprice to the total amount to several invoices issued by AGENTES ADUANALES AL SERVICIO DEL COMERCIO EXTERIOR, S.A. DE C.V., a company that maintains a legal relationship with Expeditors Mexico and of which Cadena is a shareholder. Cadena and his co-conspirators also issued invoices for services that were not rendered to transfer the funds afterwards to his and their own accounts.

COMPLAINT - 2

10.     The total amount of monies fraudulently invoiced to Expeditors Mexico was in excess of $2.85 million.

11.     When confronted with the results of the audit review, Cadena and his co-conspirators acknowledged their fraud and misconduct.  One of the co-conspirators, Luis Ricardo Delgado Ramirez, repaid to Expeditors Mexico what he had stolen—2.6 million Mexican pesos (approximately USD $134,555)—on or about November 20, 2019.  For his part, Cadena drafted and signed a handwritten confession.  In his confession, Cadena represented that he was "willing to return the funds as soon as possible."

12.     In light of his misconduct, Cadena's employment with Expeditors Mexico was terminated with cause on December 4, 2019, in accordance with Mexican Federal Labor Law.

13.     Fidelity Stock Plan Services provides administrative and record keeping services for the Expeditors' Stock Option Plans.  By letter to Fidelity dated January 29, 2020, Cadena sought to effect a "cashless exercise" of 5,600 options for Expeditors common stock.  In his letter, Cadena also stated that he had retained counsel at Stokes Lawrence, P.S., a law firm based in Seattle, Washington, "to assist me in this matter" of the cashless exercise.

14.     On January 30, 2020, Mat Harrington of Stokes Lawrence, P.S., acting on behalf of Cadena, had a telephone discussion with Kevin Osborn, Vice President, Associate General Counsel and Chief Ethics & Compliance Officer of Expeditors, whose office is located in Seattle, Washington.  Osborn advised that Cadena was not entitled to exercise options and receive stock from Expeditors given Cadena's fraud, financial misconduct, and theft.

15.     By letter dated January 31, 2020, Harrington wrote to Osborn and asserted that—notwithstanding Cadena's admitted fraud and theft (which conduct Harrington breezily described as "collateral disputes arising from his employment")—Cadena was still entitled to exercise stock options and obtain Expeditors common stock and associated personal benefit.

16.     Despite Cadena's representation that would "return the funds" he had stolen, he has not done so to date.

COMPLAINT - 3

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

17.    On information and belief, Cadena maintains a bank account at Wells Fargo Bank, N.A. (Acct. #xxxxxx1567), which account holds funds that Cadena has stolen from Expeditors Mexico (the "WF Account").[1]

## IV.    CAUSES OF ACTION

**A.    <u>Declaratory Judgment.</u>**

18.    Expeditors realleges and incorporates by reference the allegations of paragraphs 1 – 17 above.

19.    There is an actual and substantial controversy between Expeditors and Cadena regarding whether Cadena is entitled to exercise stock options and receive Expeditors common stock.  This controversy is ripe and justiciable.[2]

20.    This Court has jurisdiction to resolve the controversy pursuant to 28 U.S.C. § 2201 and/or RCW 7.24.010, *et seq.*

21.    Expeditors is entitled to entry of a judgment declaring the rights and obligations of the parties under (a) the Expeditors International of Washington, Inc. 2014 Stock Option Plan, (b) the Expeditors International of Washington, Inc. 2015 Stock Option Plan, and (c) the Expeditors International of Washington, Inc. 2016 Stock Option Plan.

22.    Expeditors is entitled to entry of a judgment holding that (a) Cadena's fraud and misconduct over time constitute violations of the terms of his employment with Expeditors Mexico, a subsidiary of Expeditors, including but not limited to the Expeditors Code of Business Conduct; (b) Cadena's fraud and misconduct, including his continued wrongful possession of funds rightfully belonging to Expeditors Mexico, prevent him from having authority or standing to (i) receive stock options in the first instance, and/or (ii) exercise stock options and obtain Expeditors common stock; and (c) Cadena's purported exercise of stock options is null and void.

---

[1] Wells Fargo has initiated an interpleader action in this district regarding the WF Account.  *See Wells Fargo Bank, N.A. v. Armando Cadena and Expeditors International of Washington, Inc.* (No. 2:20-cv-00317) (Complaint filed February 27, 2020).

[2] In recognition of this controversy, Expeditors is willing to deposit the shares that Cadena seeks to exercise in escrow with the Court, or an approved third-party escrow agent, pending the outcome of this action.

COMPLAINT - 4

**B.    Conversion**.

23.    Expeditors realleges and incorporates by reference the allegations of paragraphs 1 – 22 above.

24.    Cadena has in his possession, custody, or control property to which he does not have lawful right or title.  Expeditors, through Expeditors Mexico, is the lawful owner of the monies that were misappropriated by Cadena, including but not limited to the funds in the WF Account.

25.    Cadena has admitted that he wrongfully took this money and that he is obligated to return it, but to date he has failed to do so.

26.    Cadena intended to and did deprive Expeditors Mexico of its property.  By his actions and misconduct—misappropriating Expeditors Mexico's funds —Cadena prevented Expeditors, through Expeditors Mexico, from exercising its rights of ownership regarding these funds.

27.    Cadena' unlawful retention of Expeditors Mexico's money constitutes conversion and Expeditors has been damaged in an amount to be proved at trial.

**C.    Constructive Trust.**

28.    Expeditors realleges and incorporates by reference the allegations of paragraphs 1 – 27 above.

29.    Cadena has abused the trust of his prior employer, Expeditors Mexico and stolen money through fraudulent means.  Although he has confessed in writing to his misconduct and represented that he will return the stolen funds, he has to date failed to do so.

30.    In these circumstances, Cadena may not be permitted to (a) retain monies that he does not lawfully possess; or (b) receive, retain or exercise stock options and thus gain further benefit for himself when he has failed to repay the money he stole from Expeditors Mexico. To allow otherwise would result in Cadena's being unjustly enriched.

31.    Expeditors is entitled to the imposition of a constructive trust over (a) the WF Account; and (b) the common stock that Cadena seeks to obtain by the exercise of options.

COMPLAINT - 5

## V.     JURY DEMAND

Pursuant to Fed.R.Civ. P. 38 and LCR 38, Plaintiff hereby demands a trial by jury for all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Expeditors International of Washington, Inc. requests relief as follows:

A.     That Expeditors be awarded money damages in an amount to be proved at trial;

B.     That this Court enter Judgment declaring and adjudging the respective rights and obligations of the parties under the provisions of the Expeditors International of Washington, Inc. 2014 Stock Option Plan, the Expeditors International of Washington, Inc. 2015 Stock Option Plan, and the Expeditors International of Washington, Inc. 2016 Stock Option Plan, as follows:

(1)     Cadena's fraud and misconduct over time constitute violations of the terms of his employment with Expeditors Mexico, which was terminated for cause according to Mexican Federal Labor Law, including but not limited to violations of the Expeditors Code of Business Conduct;

(2)     Cadena's fraud and misconduct, including his continued wrongful possession of funds rightfully belonging to Expeditors Mexico, prevent him from having authority or standing to (a) receive stock options in the first instance, and/or (b) exercise stock options and obtain Expeditors common stock; and

(3)     Cadena's purported exercise of stock options is null and void;

C.     That this Court impose a constructive trust for Expeditors' benefit over (1) the WF Account; and (2) the common stock that Cadena seeks to obtain by the exercise of options; and

D.     For such other relief as the Court deems just and proper.

///

COMPLAINT - 6

DATED: March 3, 2020.

**SAVITT BRUCE & WILLEY LLP**

Stephen C. Willey, WSBA #24499
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone:  (206) 749.0500
Email:  swilley@sbwLLP.com

*Attorneys for Plaintiff*
*Expeditors International of Washington, Inc.*

COMPLAINT - 7