UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARMANDO CADENA SANTILLANA, <br><br> Defendant. | CASE NO. 2:20-cv-00349-LK <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Armando Cadena Santillana's ("Cadena") motion to dismiss Plaintiff Expeditors International of Washington Inc.'s ("Expeditors Washington") second amended complaint. Dkt. No. 68. For the reasons discussed below, the Court grants Cadena's motion and dismisses Expeditors Washington's second amended complaint.[1]

## I. BACKGROUND

The Court incorporates the factual background and procedural history as set forth and adopted in previous orders, see Dkt. No. 55 at 1–7; Dkt. No. 59 at 2–3, but briefly recounts the

---

[1] Because the Court can decide the matter based on the parties' filings, it denies Cadena's request for oral argument.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

background relevant to the instant motion.

### A.  The Court's February 10, 2023 Order

On February 10, 2023, the Court adopted in part and modified in part a report and recommendation ("R&R") by United States Magistrate Judge Brian A. Tsuchida, and dismissed Expeditors Washington's first amended complaint with partial leave to amend. Dkt. No. 59. Specifically, the Court adopted the R&R's findings that it lacked personal jurisdiction over Cadena for Expeditors Washington's conversion and constructive trust claims, that in the alternative Expeditors Washington was without standing to assert such claims, and that further leave to amend these claims should be denied as untimely and futile. *Id.* at 18. Notably, Expeditors Washington did not specifically object to this aspect of the R&R. *Id.*; *see* Dkt. No. 55 at 14–24; *see also generally* Dkt. No. 56. Accordingly, the Court dismissed the conversion and constructive trust claims without prejudice and without leave to amend. Dkt. No. 59 at 18.

With respect to Expeditors Washington's declaratory judgment claim, the Court held that the forum-selection clauses in the relevant Stock Option Agreements warranted the exercise of personal jurisdiction over Cadena in relation to declaring (1) the rights and obligations of the parties under said agreements, and (2) whether Cadena's alleged fraud and misconduct affect his ability to exercise the stock options at issue. *Id.* at 8–10. The Court also found that Expeditors Washington had standing to bring that portion of its claim. *Id.* at 16. However, the Court concluded that (1) Expeditors Washington's bare request to declare the rights and obligations of the parties failed to elevate its right to relief above the speculative level, and (2) its conclusory assertion that Cadena's fraud and misconduct bar him from exercising stock options was devoid of the factual enhancement necessary to state a claim under the Declaratory Judgment Act. *Id.* at 17. The Court therefore dismissed the claim without prejudice and with leave to amend, except as to the portion seeking a declaration that Cadena violated Expeditors Washington's Code of Business Conduct,

which fell outside the scope of the forum-selection clauses. *Id.* at 9–10, 18–19.

B.   **Expeditors Washington's Second Amended Complaint**

On March 3, 2023, Expeditors Washington filed a second amended complaint. Dkt. No. 62. With the exception of minor edits, the amended pleading mirrors the factual allegations in Expeditors Washington's first amended complaint. *Compare id.* at 1–6, *with* Dkt. No. 39 at 1–7.[2] Expeditors Washington revised its declaratory judgment claim, adding language directly from the Stock Option Agreements, *see* Dkt. No. 62 at 9, as well as the following paragraph:

> In the Stock Option Agreements, the term Optionee refers to a specific employee (Cadena), who like all other employees of Expeditors and its subsidiaries is subject to duties of loyalty and integrity and honesty at work. Similarly, Expeditors as grantor is making a grant of stock options on the understanding, expectation, and requirement that the grantee is an employee in good-standing who is abiding by their duties of loyalty and integrity and honesty at work. Simply put, Expeditors' authority and willingness to grant stock options to employees and an employee Optionee's eligibility to receive stock options are both necessarily predicated on the employee's abiding by their duties of loyalty and integrity and honesty at work.

*Id.*[3] Thus, Expeditors Washington avers it is entitled to a judgment declaring that "given Cadena's failure to comply with his applicable duties of loyalty and integrity and honesty, Cadena has not satisfied his threshold obligations as an Optionee employee and is ineligible to exercise stock options and obtain Expeditors common stock and/or Expeditors is entitled to rescission of the Stock Option Agreements." *Id.* at 9–10; *see also id.* at 11 (same).

Beyond modifying its declaratory judgment claim, Expeditors Washington also included three novel causes of action for (1) breach of contract in relation to the Stock Option Agreements,

---

[2] For instance, the second amended complaint includes slight edits to the paragraph on personal jurisdiction, *see* Dkt. No. 62 at 2, and omits paragraph 10 of the first amended complaint and all references to the related interpleader action pending before the Court, *see generally* Dkt. No. 62; *see also* Dkt. No. 39 at 3; *id.* at n.6 (citing *Wells Fargo Bank, N.A. v. Cadena*, No. 2:20-CV-00317-LK-BAT (W.D. Wash.)).

[3] Like the first amended complaint, the second amended complaint asserts claims with respect to the three stock option agreements between Expeditors Washington and Cadena made in 2014, 2015, and 2016. Dkt. No. 62 at 3; *see* Dkt. No. 49-2 (2016 Stock Option Agreement); Dkt. No. 49-3 (2015 Stock Option Agreement); Dkt. No. 49-4 (2014 Stock Option Agreement) (collectively, "Stock Option Agreements" or "Agreements").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

*id.* at 6–7; (2) breach of contract in relation to its Code of Business Conduct, *id.* at 7–8; and (3) an alternative claim for unjust enrichment based on "quasi-contract," *id.* at 10.

C.  **Cadena's Motion to Dismiss**

On March 23, 2023, Cadena moved to dismiss the second amended complaint with prejudice and to strike the three new causes of action "because Expeditors Washington received neither leave nor consent to interpose them, and because two are relabeled clones of causes of action previously dismissed without leave to amend." Dkt. No. 68 at 9. Cadena further argues that Expeditors Washington fails to state a claim for breach of the Stock Option Agreements or to sufficiently plead a claim for a declaratory relief. *Id.* at 13–21. And last, Cadena contends that the Court lacks personal jurisdiction over him with regard to Expeditors Washington's claims for breach of the Code of Business Conduct and quasi-contract, and even if it did have such jurisdiction, Expeditors Washington does not have standing to bring such claims and has otherwise failed to state a claim for relief. *Id.* at 23–34.

## II.  DISCUSSION

A.  **Cadena's Motion to Dismiss is Granted**

1.  <u>Expeditors Washington's Breach of Contract and Quasi-Contract Claims Exceed the Scope of its Leave to Amend</u>

As an initial matter, the Court strikes the first, second, and fourth causes of action in Expeditors Washington's second amended complaint. *See* Fed. R. Civ. P. 12(f) (authorizing courts to strike redundant, immaterial, or impertinent matters contained in a pleading). Expeditors Washington's opportunity to amend its declaratory judgment claim was not an invitation to trot out new legal theories based on the same well-worn factual allegations. At this stage of litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with Rule 15, the Court granted limited leave to amend

as to Expeditors Washington's sole surviving claim. *See* Dkt. No. 59 at 17 (dismissing Expeditors Washington's "*claim for declaratory judgment* without prejudice and with leave to amend" (emphasis added)); *id.* 18–19 (same). By adding new claims for breach of contract and quasi-contract, Expeditors Washington unquestionably "exceeded the scope of leave to amend that the [C]ourt granted." *Hover v. GMAC Mortg. Corp.*, No. C16-1243-JLR, 2017 WL 1080968, at *3 (W.D. Wash. Mar. 21, 2017); *see also, e.g.*, *Murray v. Ethicon, Inc.*, No. C20-1059-BHS, 2021 WL 22582, at *1 (W.D. Wash. Jan. 4, 2021); *Maurice v. O'Rourke*, No. C18-1-TSZ, 2019 WL 2612707, at *2 (W.D. Wash. June 25, 2019); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1124–25 (C.D. Cal. 2015). Moreover, the addition of these claims without leave of court is particularly flagrant in light of Expeditors Washington's failure to object to the section of the R&R recommending that leave to file a second amended complaint be denied as untimely. *See* Dkt. No. 55 at 23–24; Dkt. No. 56; Dkt. No. 59 at 3, 18.[4]

Perhaps aware of its blunder, Expeditors Washington asks that the Court treat its opposition to Cadena's motion to dismiss "as a request for leave to amend." Dkt. No. 73 at 21–22. Notwithstanding the impropriety of including a request for affirmative relief in a responsive brief, *see* Fed. R. Civ. P. 7(b); *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022), Expeditors Washington provides no basis for the Court to grant such relief. This is Expeditors Washington's third pleading, and the underlying allegations have remained essentially unchanged during the pendency of this litigation. The assertion that it has not "unduly delayed" in bringing these additional claims, or that Cadena would not be prejudiced, is simply unsupported by the record. *See* Dkt. No. 73 at 22; *see also* Dkt. No. 76 at 8; *In re AutoZone,*

---

[4] Expeditors Washington's footnote claiming that it "reserve[d] all rights with respect to the R&R's determinations regarding [its] conversion and constructive trust claims" is inadequate here. Dkt. No. 56 at 4 n.2. To properly object to an aspect of a report and recommendation, a party must "file *specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

*Inc., Wage & Hour Emp. Pracs. Litig.*, 789 F. App'x 9, 12 (9th Cir. 2019) ("[L]eave to amend 'need not be granted where the amendment of the complaint would cause the opposing party undue prejudice . . . or creates undue delay." (quoting *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994))).

Accordingly, Expeditors Washington's first, second, and fourth causes of action are stricken from the second amended complaint **without leave to amend**.[5]

2. <u>Expeditors Washington's Amended Request for Declaratory Relief Fails to State a Claim</u>

Turning to Expeditors Washington's amended declaratory judgment claim, Cadena argues that (1) the requested declaratory relief is duplicative of the claim for breach of the Stock Option Agreements; (2) the claim is insufficiently pleaded; and (3) the requested relief is an attempt to interfere with Cadena's ongoing labor lawsuit in Mexico. Dkt. No. 68 at 19. Because the Court finds that Expeditors Washington has again failed to state a claim, it need not address the other two arguments.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads

---

[5] Given that Expeditors Washington did not seek leave to amend its pleadings to add these new causes of action, the Court need not reach the parties' arguments regarding jurisdiction, standing, or the sufficiency of the underlying allegations. The Court notes, however, that it would be difficult to reconcile its prior rulings on the lack of personal jurisdiction and standing with respect to Expeditors Washington's abandoned conversion and constructive trust claims, Dkt. No. 59 at 9, 18, with a finding that personal jurisdiction and standing somehow exist for its claims of breach of the Code of Business Conduct and quasi-contract, *see* Dkt. No. 62 at 7–8, 10.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this stage, the Court accepts as true all factual allegations in the complaint and construes them in the light most favorable to the nonmoving party. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

In the second amended complaint, Expeditors Washington asserts that its "authority and willingness to grant stock options to employees and an employee Optionee's eligibility to receive stock options are both necessarily predicated on the employee's abiding by their duties of loyalty and integrity and honesty at work." Dkt. No. 62 at 9. And because Cadena allegedly violated these duties by embezzling funds, *id.* at 3–4, Expeditors Washington claims that it is entitled to a judgment declaring that Cadena "has not satisfied his threshold obligations as an Optionee employee and is ineligible to exercise stock options and obtain Expeditors common stock and/or Expeditors is entitled to rescission of the Stock Option Agreements," *id.* at 11; *see also* Dkt. No. 73 at 11 (arguing that "an employee who breaches the duty of loyalty forfeits any right to receive or exercise stock options"). Alternatively, Expeditors Washington asserts that Cadena's breach of the duty of loyalty constitutes a material failure of consideration under the Stock Option Agreements. Dkt. No. 73 at 11.

However, there remains one glaring problem with these assertions: the Stock Option Agreements make no reference to such "threshold obligations" or "duties," and Expeditors

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

Washington's attempt to retroactively divine them is unavailing. On the one hand, Expeditors Washington contends that "[t]he Stock Option Agreements are contracts between Cadena and Expeditors." Dkt. No. 73 at 10. But on the other hand, it asks that the Court look anywhere but the four corners of the contracts, despite the Agreements' inclusion of an integration clause. *See* Dkt. No. 49-2 at 4 ("This Agreement and the Plan set forth the entire understanding between the Company and the Optionee with respect to the Option[.]"); Dkt. No. 49-3 at 4 (same); Dkt. No. 49-4 at 5 (same).[6]

"Stock-option contracts are interpreted under the normal rules of contract interpretation, looking to the specific language of the contract, the facts of the case, and the general contract-interpretation principles of the applicable law." *Oracle Corp. v. Falotti*, 187 F. Supp. 2d 1184, 1193 (N.D. Cal. 2001) (citing *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 907 (9th Cir. 2001)), *aff'd*, 319 F.3d 1106 (9th Cir. 2003). The parties agree that the Stock Option Agreements are governed by Washington law. *See* Dkt. No. 73 at 10; Dkt. No. 76 at 11; *see also, e.g.*, Dkt. No. 49-2 at 4 ("This Agreement . . . shall be construed and enforced under the laws of the State of Washington."). When interpreting contracts, Washington courts generally "give words their ordinary meaning unless otherwise defined by the parties or by the dictates of the context." *Scribner*, 249 F.3d at 908 (cleaned up); *accord Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 266–67 (Wash. 2005).

Here, the Stock Option Agreements state that "[e]ach exercise of this Option shall be by means of written notice delivered to the Company at its principal executive office in Seattle, Washington, specifying the number of shares of Common Stock to be purchased." Dkt. No. 49-2

---

[6] Whether a contract is fully integrated can be a question of fact when the issue is in dispute. *See, e.g.*, *Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*, No. C15-309-RSM, 2015 WL 4920079, at *5 (W.D. Wash. Aug. 17, 2015). However, Expeditors Washington does not dispute Cadena's contention that the agreements are fully integrated. *See generally* Dkt. No. 73.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

at 3; Dkt. No. 49-3 at 3 (same); Dkt. No. 49-4 at 3 (same).[7] The Agreements further state that:

> A vested Option shall terminate, to the extent not previously exercised, upon the occurrence of the first of the following events: (i) ten years from the Date of Grant; (ii) the expiration of three (3) months following the date of an Optionee's termination of employment with the Company for any reason other than death or Disability; or (iii) the expiration of six (6) months following the date of death of the Optionee or the cessation of employment of the Optionee by reason of Disability.

Dkt. No. 49-2 at 3; *see* Dkt. No. 49-3 at 3 (same); Dkt. No. 49-4 at 3 (same). In addition, the Agreements expressly note that they do "not constitute an employment agreement" and that "Optionee's continued employment, if any, with the Company shall be at will and is subject to termination in accordance with the Company's prevailing policies and any other agreement between Optionee and the Company." Dkt. No. 49-2 at 4; *see* Dkt. No. 49-3 at 4 (same); Dkt. No. 49-4 at 4 (same).

Cadena argues that dismissal is warranted pursuant to Rule 12(b)(6) because Expeditors Washington "still fails to proffer an explanation of how alleged financial misconduct might bar Cadena's right to exercise vested stock options." Dkt. No. 68 at 21. The Court agrees. Nothing in the Stock Option Agreements or the context surrounding the Agreements supports the notion that the terms therein do not carry their ordinary meanings. *See, e.g.*, *Scribner*, 249 F.3d at 908. Nor do the Agreements plausibly support a claim that Cadena's alleged misconduct "constitutes a material failure of consideration." In sum, Expeditors Washington has failed to sufficiently allege that it is entitled to a judgment declaring that Cadena is precluded from exercising stock options

---

[7] Although review of a motion to dismiss for failure to state a claim is "generally limited to the face of the complaint," a court may consider "materials incorporated into the complaint by reference, and matters of which [it] may take judicial notice." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012); *see also Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F. Supp. 3d 856, 865–66 (W.D. Wash. 2021); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute[.]"). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, the Court is satisfied that it may properly consider the Stock Option Agreements, as they are incorporated into the pleadings by reference and not subject to reasonable dispute.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9

due to his "applicable duties of loyalty and integrity and honesty" or "threshold obligations" under the Stock Option Agreements. *See* Dkt. No. 31 at 24 ("Expeditors Washington has not identified any contract provision or legal theory that disqualifies Mr. Cadena from exercising his vested stock options due to the alleged 'manifest disloyalty.'").

Accordingly, Expeditors Washington's claim for declaratory relief is dismissed with prejudice for failure to state a claim and without leave to amend, as any amendment at this stage would be futile. Expeditors Washington has already amended its complaint twice and failed to state a claim, Dkt. Nos. 39, 62, and the Court finds that providing another opportunity to do so is unwarranted. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (explaining that courts may consider "whether the plaintiff has previously amended the complaint"); *see also, e.g.*, *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (affirming dismissal without leave to amend where plaintiff "already had three chances to assert its claims[.]"); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." (quotation marks and citation omitted)).

**B.     Cadena's Motion for Attorney Fees**

On the same day Expeditors Washington filed its second amended complaint, Cadena filed a motion for an award of attorney fees pursuant to Section 4.28.185(5) of the Revised Code of Washington. Dkt. No. 63. The Court defers ruling on this motion in anticipation that Cadena may seek fees beyond what is listed in his pending motion following this Order.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Cadena's motion to dismiss, Dkt. No. 68, and DEFERS ruling on Cadena's motion for an award of attorney fees, Dkt. No. 63. Expeditors Washington's first, second, and fourth causes of action are STRICKEN from the second amended

complaint, and its declaratory judgment claim is dismissed with prejudice pursuant to Federal Rule Civil Procedure 12(b)(6). The Court DIRECTS Cadena to either file an amended motion for fees by December 29, 2023, or else file a status update by December 20, 2023 informing the Court that he does not intend to seek fees beyond those requested in his pending motion.

Dated this 6th day of December, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 11