UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARMANDO CADENA SANTILLANA, <br><br> Defendant. | CASE NO. 2:20-cv-00349-LK <br><br> ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON |

This matter comes before the Court on Defendant Armando Cadena Santillana's motion and amended motion for an award of attorney's fees pursuant to Section 4.28.185(5) of the Revised Code of Washington. Dkt. Nos. 63, 79. Plaintiff Expeditors International of Washington Inc. opposes Cadena's request. Dkt. Nos. 67, 82. For the reasons discussed below, the Court denies Cadena's motions.[1]

I. BACKGROUND

The Court incorporates the factual background and procedural history as set forth and

---

[1] Because the Court can decide the matter based on the parties' filings, it denies Cadena's request for oral argument.

ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON - 1

adopted in previous orders, *see* Dkt. No. 55 at 1–7; Dkt. No. 59 at 2–3; Dkt. No. 77 at 1–4, and provides only the background relevant to the instant motion.

On August 17, 2021, the Court granted Cadena's motion to dismiss Expeditors Washington's complaint with leave to amend. Dkt. No. 38. Expeditors Washington then filed an amended complaint, Dkt. No. 39, and on February 10, 2023, the Court granted Cadena's motion to dismiss that complaint, this time allowing Expeditors Washington only limited leave to amend, Dkt. No. 59 at 18–19. Expeditors Washington filed a second amended complaint, Dkt. No. 62, and on the same day, Cadena filed a motion requesting an award of $117,721.20 in attorney's fees pursuant to Section 4.28.185(5) of the Revised Code of Washington, Dkt. No. 63. Thereafter, Cadena filed a motion to dismiss Expeditors Washington's second amended complaint, Dkt. No. 68, which the Court granted on December 6, 2023, Dkt. No. 77. As part of that order, the Court deferred ruling on Cadena's fee motion in anticipation that he would seek fees beyond the amount listed in his initial motion. *Id.* at 10–11. On December 28, 2023, Cadena submitted an "Amendment" to his motion, requesting $217,415.50[2] in attorney's fees. Dkt. No. 79 at 1–2.[3]

## II.    DISCUSSION

### A.    Legal Standard

Section 4.28.185(5) of the Revised Code of Washington "authorizes an award of attorney fees when a foreign defendant, sued under the long-arm statute, obtains a dismissal for want of

---

[2] The $217,415.50 figure accounts for an additional $70,264 incurred in connection with Cadena's amended fees motion and successful defense against Expeditors Washington's second amended complaint, as well as the retraction of a .8 multiplier that Cadena had applied to the $147,151.50 total listed in his original motion for fees. *Id.* at 3; *see* Dkt. No. 64 at 4.

[3] Expeditors Washington notes that Cadena's two motions "contain 6,434 words, or some 2,234 words in excess of the limit set by LCR 7(e)(4)." Dkt. No. 82 at 7. While the Court did not intend for Cadena to supplement his original motion, it also did not impose a separate word count limitation. *See* Dkt. No. 77 at 11. In any event, to the extent Cadena's briefing is overlength, Expeditors Washington does not request any corresponding relief, e.g., that the Court strike overlength portions. Nor does the Court choose to do so sua sponte. *See, e.g.*, *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules."); *Allstate Prop. & Cas. Ins. Co. v. Plautz*, 659 F. Supp. 3d 1149, 1152 (W.D. Wash. 2023) (exercising discretion and declining to strike overlength portions of summary judgment briefing).

ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON - 2

personal jurisdiction." *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 786 P.2d 265, 274 (Wash. 1990) ("*Fetzer I*"). More specifically, the subsection provides that:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

Wash. Rev. Code § 4.28.185(5).[4] The phrase "prevails in the action" is not granularly defined, but courts have found that "a jurisdictional dismissal is one of the ways, in addition to prevailing on the merits or even obtaining a voluntary nonsuit from a plaintiff, that a defendant could 'prevail in an action' within the statute's meaning." *Perkumpulan Inv. Crisis Ctr. Dressel—WBG v. Wong*, No. 09-cv-1786-JCC, 2014 WL 3738629, at *2 (W.D. Wash. July 29, 2014).

As the permissive statutory language suggests, even where a party has prevailed in an action, a court's decision whether to grant or deny a request for attorney's fees under section 4.28.185(5) is "wholly within the discretion of the trial court." *Amazon.Com, Inc. v. Kalaydjian*, No. 00-cv-1740-BJR, 2001 WL 1892190, at *1 (W.D. Wash. Mar. 27, 2001). That discretion "is particularly broad when the circumstances of a case fall outside the heartland of RCW 4.28.185(5)['s] purpose[.]" *Johnson v. Venzon*, No. 12-cv-0895, 2012 WL 3778877, at *5 (W.D. Wash. Aug. 30, 2012); *see also Roth v. CNR Prod., Inc.*, No. 2:20-cv-00256-BJR, 2020 WL 5747809, at *3 (W.D. Wash. Sept. 25, 2020). The purposes of the statute include "compensat[ing] defendants for the added expense caused . . . by plaintiffs' assertions of long-arm jurisdiction" while also "encouraging the full exercise of state jurisdiction," and "deter[ring] plaintiffs from invoking long-arm jurisdiction as means to harass foreign defendants." *Fetzer I*, 786 P.2d at 272

---

[4] Technically, Cadena was not "personally served outside the state." Instead, he waived service. Dkt. No. 8. However, this distinction makes no difference for purposes of awarding attorney's fees, as observed in *Atlas Equipment Co., LLC v. Weir Slurry Group, Inc.*, No. 07-cv-1358-TSZ, 2009 WL 4430701, at *2 (W.D. Wash. Nov. 30, 2009) and *McGinley v. Magone Marine Service, Inc.*, No. 13-cv-1678-JLR, 2013 WL 6230422, at *3 n.1 (W.D. Wash. Dec. 2, 2013).

ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON - 3

& n.6; *Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1215 (Wash. 1993) ("*Fetzer II*"). A finding of harassment on the part of the plaintiff is not a prerequisite for a fee award under the statute, but it is supportive of one. *Cabell v. Zorro Prods., Inc.*, No. 13-cv-00449-RSM, 2015 WL 11233121, at *2 (W.D. Wash. Mar. 23, 2015) (citing *Sportsfragrance, Inc. v. Perfumer's Workshop Int'l, Ltd.*, No. 09-cv-177-TSZ, 2009 WL 1884429, at *1 (W.D. Wash. June 30, 2009)). And conversely, "a finding that Plaintiff acted in good faith and with a colorable basis for invoking this Court's jurisdiction is relevant to the consideration of whether a fee award would be appropriate." *Id.* (citing *Dantonio v. Sw. Educ. Dev. Lab'y*, No. 10-cv-1193-RSL, 2011 WL 2118577, at *9 (W.D. Wash. May 26, 2011)).

If a court finds that an award of fees is warranted under the long-arm statute, the Washington Supreme Court has advised that (1) "a prevailing defendant should not recover more than an amount necessary to compensate him for the added litigative burdens resulting from the plaintiff's use of the long-arm statute," and (2) "his award should not exceed the amount in attorney fees he would have incurred had he presented his jurisdictional defense as soon as the grounds for the defense became available to him." *Fetzer I*, 786 P.2d at 271.

B.  **The Court Declines to Award Fees Under Section 4.28.185(5)**

Cadena argues that he has prevailed in this action for the purposes of Section 4.28.185(5) and that Expeditors Washington's invocation of Washington's long-arm jurisdiction was frivolous. *See* Dkt. No. 63 at 12–15; Dkt. No. 79 at 5–7; Dkt. No. 84 at 2–4.[5] According to Cadena, "[i]t has now been established that the claims under the forum-selection clause which might have compelled [him] to submit to the jurisdiction of the Western District of Washington were meritless attempts to invoke the Stock Option Agreements." Dkt. No. 79 at 8; *see also* Dkt. No. 84 at 2 ("Cadena

---

[5] Cadena notes that his reply in support of his amended motion "serves as a sole reply in support of [his] original and supplemental fee request, and the Court should disregard the prior reply, Dkt. No. 72." Dkt. No. 84 at 2 n.1.

ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON - 4

never should have been sued here.").[6] Therefore, he contends that "[t]he Court should issue an award under RCW 4.28.185(5) that reflects the jurisdictional reality of this case and rejects any pretextual attempt to leverage unrelated consent to this forum." Dkt. No. 79 at 8.

Expeditors Washington counters that the forum-selection clauses in the Stock Option Agreements did provide a basis for the Court to exercise personal jurisdiction over Cadena. Dkt. No. 67 at 11–13; Dkt. No. 82 at 8–10; *see also id.* at 11 ("Cadena's litigating in Washington is foundationally the function of his contractual agreement to jurisdiction here, not of an invocation of the long-arm statute."). Expeditors Washington also maintains that the dual purposes of Section 4.28.185(5) counsel against an award of fees in this case. Dkt. No. 67 at 13–14; Dkt. No. 82 at 10–11. And last, Expeditors Washington asks that any fee award be limited to fees incurred in connection with briefing the issues related to long-arm jurisdiction, Dkt. No. 67 at 14–15; Dkt. No. 82 at 12–14, which Cadena opposes, Dkt. No. 84 at 4–6.

Upon thorough review of the record in this case, the Court finds that a fee award is unwarranted. As discussed above, the two primary purposes of the fee-shifting provision are to compensate defendants for added expenses caused by a plaintiffs' assertion of long-arm jurisdiction and to deter plaintiffs from harassing foreign defendants. Notably, these principles "serve to ensure that otherwise valid claims are not abandoned merely out of fear of the possibility of fee shifting." *Fetzer II*, 859 P.2d at 1215.

In this case, even though Expeditors Washington did not ultimately prevail on any of its claims, the Court does not find that an award of attorney's fees is justified under Section 4.28.185(5). This is not a case where, for example, the plaintiff failed to "even raise a colorable

---

[6] In discussing the procedural history of this matter, Cadena refers to Judge Tsuchida as "Magistrate Tsuchida." *See, e.g.*, Dkt. No. 63 at 10. Congress adopted the title of "United States [M]agistrate [J]udge" several decades ago. *See* Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, Cadena should use the appropriate title: Magistrate Judge.

ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 4.28.185(5) OF THE REVISED CODE OF WASHINGTON - 5

argument" as to why the court had personal jurisdiction over the defendant, *McGinley*, 2013 WL 6230422, at *3, or "had reason to know, due to a district court order filed four days prior, that its arguments regarding personal jurisdiction did not have merit," *Tr. of Summers Fam. Tr. TA Neak Prod. Buff WA Pty Ltd. v. Nat'l Distrib. Warehouse Inc.*, No. 2:21-cv-00797-DGE, 2022 WL 1164579, at *6 (W.D. Wash. Mar. 24, 2022), *appeal dismissed*, No. 22-35312, 2022 WL 12030123 (9th Cir. Oct. 11, 2022). Rather, as evidenced by the multiple rounds of briefing and orders, the jurisdictional questions presented in this case were complex and Expeditors' related arguments were at least colorable. The fact that Expeditors Washington did not adequately state a claim falling within the scope of the stock option agreements' forum-selection clause does not mean it initiated this entire action to harass Cadena or that it frivolously haled him into this forum. Accordingly, balancing the twin purposes of the statute and considering the entirety of the record, the Court finds in its discretion that an award of fees is not appropriate in this case. *See, e.g.*, *Roth*, 2020 WL 5747809, at *3; *Cabell*, 2015 WL 11233121, at *2; *Perkumpulan*, 2014 WL 3738629, at *4; *Dantonio*, 2011 WL 2118577, at *9.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Cadena's motion and amended motion for an award of attorney's fees pursuant to Section 4.28.185(5) of the Revised Code of Washington. Dkt. Nos. 63, 79.

Dated this 16th day of February, 2024.

*/s/ Lauren King*
Lauren King
United States District Judge